IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                No. CIV 13-0679 JB/LFG
                                                                                       CR 00-1424 JB

JOE COBOS,

    Defendant-Petitioner.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court under rules 4 and 11(a) of the Rules Governing Section 2255 Proceedings, on the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3), filed July 18, 2013 (Case No. CIV 13-0679 Doc. 1)(Case No. CR 00-1424 Doc. 630)("Petition").  In 2005, Cobos filed his first 28 U.S.C. § 2255 petition, see Model Form for Motions under § 2255, filed February 14, 2005 (Case No. CR 00-1424 Doc. 488), and he filed a second petition in 2012, see Petitioner's Numerically Second Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, by a Person in Federal Custody, filed July 25, 2012 (Case No. CR 00-1424 Doc. 621).  The Honorable Bruce D. Black, Senior United States District Judge for the District of New Mexico, dismissed the first petition on the merits.  See Memorandum Opinion and Order, filed April 27, 2005 (Case No. CR 00-1424 Doc. 501).  This case was reassigned to the Court on July 25, 2012.  See Case No. CR 00-1424 Doc. 622.  The Court dismissed the second petition for lack of jurisdiction.  See Memorandum Opinion and Order, filed July 31, 2012 (Case No. CR 00-1424 Doc. 624).  The Court will dismiss the current Petition for lack of jurisdiction.

Cobos' Petition faces two hurdles: the one-year limitation period in 28 U.S.C. § 2255 and the statutory restrictions on second or successive motions. See 28 §§ 2255(f); 2244(b).  First, as noted in the Memorandum Opinion and Order (Case No. CR 00-1424 Doc. 501), "[o]n February 17, 2004, the Tenth Circuit affirmed Cobos' conviction and sentence.  See United States v. Cobos, [92 F. App'x 650, 656] (10th Cir. Feb. 17, 2004)."  Memorandum Opinion and Order (Case No. CR 00-1424 Doc. 501) at 1.  Cobos' conviction, thus, became final ninety days later in May, 2004.  See Clay v. United States, 537 U.S. 522, 525 (2003).  He filed the current motion in 2013, approximately nine years after his conviction became final.

Cobos bases his timeliness argument on 28 U.S.C. § 2255(f)(3).  This subsection allows a new one-year limitations period where, after a defendant's conviction, a Supreme Court of the United States decision initially and retroactively recognizes a right that the defendant asserts under 28 U.S.C. § 2255.  Here, Cobos asserts that the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), recognized his claim of an unconstitutional minimum sentence as a new right.  He argues that Alleyne v. United States allowed him another year to pursue relief under 28 U.S.C. § 2255.  As a result, he argues, under the terms of 28 U.S.C. 2255(f)(3), the limitations period for his motion accrued when the Court decided Alleyne v. United States on June 17, 2013.

Cobos' timeliness argument fails, however, on the second requirement in 28 U.S.C. § 2255(f)(3). The statute restarts the limitation period only if the new right is "retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Neither the Supreme Court nor the United States Court of Appeals for the Tenth Circuit have ruled that the right created in Alleyne v. United States applies retroactively.  See Dodd v. United States, 545 U.S. 353, 359 (2005)(holding that the statutory language of 28 U.S.C. § 2255(f) requires both that a new right

be created, applicable to a petitioner, and that the right is determined to apply retroactively before a petitioner may bring suit for relief on the basis of the newly-created right); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013)(holding that Alleyne v. United States establishes a new rule regarding mandatory minimum sentences but does not apply retroactively); United States v. Chang Hong, 671 F.3d 1147, 1157 n.10 (10th Cir. 2011)(explaining that, depending on whether the determination is as to a first 28 U.S.C. § 2255 petition, or a subsequent petition, either the Tenth Circuit or the Supreme Court, respectively, must determine that a new rule applies retroactively before a petitioner may seek relief under the rule). Cobos, therefore, did not gain additional time to file his 28 U.S.C. § 2255 motion.

Second, even assuming that the current motion is timely under the Alleyne v. United States decision and 28 U.S.C. § 2255(f)(3), the motion is nonetheless second or successive. See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006). The Court lacks jurisdiction to adjudicate a second or successive motion under 28 U.S.C. § 2255 without prior authorization from the Court of Appeals, see Thornbrugh v. United States, 424 F. App'x 756, 759 (10th Cir. May 26, 2011), and Cobos' motion is not accompanied by an authorizing order.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(weighing factors in Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), before transferring a second 28 U.S.C. § 2255 motion). The Tenth Circuit has noted several factors that a district court should consider in determining whether to transfer or dismiss an initial pleading. See Trujillo v. Williams, 465 F.3d at 1223 n.16; In re Cline, 531 F.3d at 1252. These factors are: (i) whether a new 28 U.S.C. § 2255

motion would be time barred, see Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000); (ii) whether the movant's claims "are likely to have merit," Trujillo v. Williams, 465 F.3d at 1223 n.16; Haugh v. Booker, 210 F.3d at 1150 n.4; and (iii) whether the movant filed the motion in good faith, see Trujillo v. Williams, 465 F.3d at 1223 n.16; Trierweiler v. Croxton & Trench Holding Co., 90 F.3d 1523, 1544 (10th Cir. 1996).  Here, because the Alleyne v. United States decision does not apply retroactively, none of the Trujillo v. Williams factors weigh in favor of transferring the motion.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Cobos has failed to make a substantial showing that he has been denied a constitutional right.  The Court will therefore deny a certificate of appealability.  See United States v. Harper, 545 F.3d 1230, 1223 (10th Cir. 2008)("[D]ismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal.").

**IT IS ORDERED** that (i) Defendant-Petitioner Joe Cobos' Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255(f)(3)(Case No. CIV 13-0679 Doc. 1)(Case No. CR 00-1424 Doc. 630) filed on July 18, 2013, is dismissed for lack of jurisdiction; (ii) a certificate of appealability is denied; and (iii) final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Joe Cobos
Federal Correctional Institution
Safford, Arizona

    *Petitioner Pro se*

- 4 -

Kenneth J. Gonzales
  United States Attorney
Renee L. Camacho
  Assistant United States Attorney
United States Attorney's Office
Las Cruces, New Mexico